IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DUSTIN L. NIELSEN,

          Petitioner,

vs.

DOUGLAS CTY PROSECUTOR,

          Respondent.

8:22CV24

MEMORANDUM AND ORDER

This matter is before me on initial review of Petitioner Dustin L. Nielsen's ("Petitioner" or "Nielsen") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Nielsen's petition without prejudice.

Nielsen is a state pretrial detainee confined in the Douglas County Department of Corrections in Omaha, Nebraska. Nielsen challenges his pretrial detention related to a case in the District Court of Douglas County, Nebraska. (Filing 1 at CM/ECF pp. 3, 7.) A search of Nebraska's state court records, available to this court online, shows an information was filed on October 25, 2021, in the Douglas County District Court charging Nielsen with theft by unlawful taking, $5000 or more, a Class 2A felony. On February 10, 2022, Nielsen entered a plea of no contest to the theft charge and is currently scheduled to be sentenced on April 6, 2022. I take judicial notice of the state court records related to this case in *State v. Nielsen*, No. CR21-3550, District Court of Douglas County, Nebraska.[2]

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

[2] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

*See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

As his sole ground for relief, Nielsen alleges "malice" based on the fact that he does "not know if [his] codefendants [sic] testimony against [him] is for a plea bargain with the prosecution for a lesser sentence." (Filing 1 at CM/ECF p. 6.) As relief, Nielsen asks for "punitive damages." (*Id*. at CM/ECF p. 8.)

Nielsen cannot seek an award of damages in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

To the extent Nielsen does seek habeas relief, that is, release from confinement, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures

available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Nielsen is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Specifically, I find that Nielsen's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g.*, *Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Because it "plainly appears from the petition . . . that [Nielsen] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss the petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Nielsen must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). I have applied the appropriate standard and determined that Nielsen is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 21st day of March, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge